Clerk's Office
Filed Date:

3/4/2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

ANTHONY McINTOSH,

                  Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

-------------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-5362 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Anthony McIntosh, proceeding *pro se*, filed the above-captioned action pursuant to 42 U.S.C. § 405(g) seeking review of the denial of his application for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). (Compl., Docket Entry No. 1.) The Commissioner of Social Security (the "Commissioner") moves for judgment on the pleadings, arguing that it did not abuse its discretion in dismissing Plaintiff's untimely request for review of the decision of the Administrative Law Judge ("ALJ") by the Appeals Council. (Comm'r Notice of Mot. for J. on the Pleadings, Docket Entry No. 11; Comm'r Br. in Supp. of Mot. for J. on the Pleadings ("Comm'r Mem."), Docket Entry No. 12.) Plaintiff moves for a hearing on the Complaint. (Pl.'s Mot. for Hr'g ("Pl.'s Mot."), Docket Entry No. 14.) For the reasons set forth below, the Court grants the Commissioner's motion for judgment on the pleadings and denies Plaintiff's motion for a hearing.

    **I.  Background**

    Plaintiff applied for SSI and DIB on April 3, 2015, (Modified Admin. R. ("R.") 90, Docket Entry No. 9), claiming disability due to Human Immunodeficiency Virus ("HIV") disease, bipolar disorder, posttraumatic stress disorder, a back disorder as well as degenerative

disc disease of the lumbar spine, and chronic traumatic encephalopathy, (Compl. 1; R. 169). The Social Security Administration (the "SSA") denied his claim on August 4, 2015, (R. 152, 165), and Plaintiff appealed to the ALJ, (R. 153). After a hearing on January 25, 2018, at which Plaintiff was represented by counsel, (R. 29–63), the ALJ denied Plaintiff's claim in a decision dated February 9, 2018, weighing the available medical evidence and reaching the conclusion that Plaintiff retained the residual functional capacity to do light work with no contact with the public and occasional contact with supervisors and coworkers, (R. 10–24).

On May 16, 2018, Plaintiff, through counsel, appealed the ALJ's decision. (R. 83–84.) In addition to discussing the merits, Plaintiff requested that his appeal be considered timely because "neither [he] nor [his counsel] received a copy of the decision." (R. 83.) Counsel represented that he learned of the decision during "routine follow-up on the case," obtained a facsimile copy of the decision, and filed the appeal on the same day. (*Id.*)

On September 13, 2019, the Appeals Council dismissed Plaintiff's appeal as untimely. (R. 4.) The Appeals Council determined that notice was presumed to have been received on February 9, 2018, five days after the Commissioner mailed the decision to Plaintiff, and that the appeal was untimely because Plaintiff requested review on May 16, 2018, more than sixty days after receipt was presumed. (R. 4.) The Appeals Council further noted that although Plaintiff's counsel had "indicated that neither he nor the claimant received a copy of the decision until the representative requested it on the date he filed the request for review, . . . . the record [did] not reflect that the [p]ost [o]ffice returned the decision as undeliverable." (R. 4.) The Appeals Council found that Plaintiff had not shown good cause to extend the time for filing his appeal and dismissed Plaintiff's request for review. (R. 4.) On September 19, 2019, Plaintiff timely appealed to the Court. (Compl.)

2

## II. Discussion

### a. Standard of review

"In deciding a Rule 12(c) motion [for judgment on the pleadings], [courts] 'employ[] the same . . . standard applicable to dismissals pursuant to [Rule] 12(b)(6). Thus, [courts] will accept all factual allegations in the [c]omplaint as true and draw all reasonable inferences in [the plaintiff's] favor.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011) (third and fourth alterations in original) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018) ("We construe the factual allegations in the light most favorable to . . . the losing party."); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) ("The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." (citing *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 113 (2d Cir. 2005))). On a Rule 12(c) motion, the court relies "on the complaint, the answer, any written documents attached to them, and any matter which" the court "can take judicial notice for the background of the case." *Lanning*, 908 F.3d at 22 (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)); *see also Meyers v. City of New York*, 812 F. App'x 11, 13 (2d Cir. 2020) (same). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Oneida Indian Nation v. Phillips*, 981 F.3d 157, 165 (2d Cir. 2020) (quoting *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178–79 (2d Cir. 2013)); *see also Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, the court need

3

not accord "a legal conclusion couched as a factual allegation" the same presumption of truthfulness. *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 120 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In reviewing a *pro se* complaint, the court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. The Appeals Council did not abuse its discretion when it determined that Plaintiff's appeal was untimely

The Commissioner contends that the Court should affirm the Appeals Council's dismissal of Plaintiff's request for review, arguing that the Appeals Council did not abuse its discretion by dismissing Plaintiff's request for review on the ground that it was untimely and he had not shown good cause for an extension.[1] (Comm'r's Mem. 3–4 (first citing *Velez v. Apfel*, 229 F.3d 1136 (2d Cir. 2000); and then citing *Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390, 391 (2d Cir. 2011)).) In support, the Commissioner argues that the ALJ's decision was addressed to the mailing address that Plaintiff's counsel provided on his appointment of representative form. (*Id.* at 4.) In the alternative, the Commissioner asks that if the Court does not affirm the dismissal, that the Court remand to the Appeals Council to consider the merits of the underlying claim. (*Id.* at 4–5.)

---

[1] The Commissioner notes that Plaintiff does not dispute that his request for review was filed late and that the Second Circuit has upheld the dismissals of similar cases in which Social Security claimants simply alleged that they had not received notice. (Comm'r Mem. 3–4.)

4

In support of his application, Plaintiff attaches a letter from his former attorney to the Appeals Council. (Letter dated May 16, 2018, Docket Entry No. 14-1.) In the letter, Plaintiff's counsel asks that the appeal be considered timely because "neither the claimant nor [counsel] received a copy of the decision" and counsel only learned of the decision during "routine follow-up on the case."[2] (*Id.* at 1.)

A Social Security claimant may appeal an ALJ's decision to the Appeals Council within sixty days of receipt. 20 C.F.R. §§ 404.968(a)(1), 416.1468; *see Coe v. Saul*, No. 19-CV-10993, 2020 WL 6729169, at *4 (S.D.N.Y. Nov. 16, 2020) ("A request to the Appeals Council to review an ALJ's decision must generally be filed within [sixty] days from the date of the notice of the ALJ's dismissal." (citing 20 C.F.R. §§ 404.968(a), 416.1468(a))). Under the regulations, notice is presumed received five days after the date of the decision. 20 C.F.R. §§ 404.901 ("Date you receive notice means [five] days after the date on the notice, unless you show us that you did not receive it within the [five]-day period."), 416.1401 (same); *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983) ("When an ALJ's decision is sent to a claimant, an accompanying form notice states that it is 'presumed that this notice is received within five days after the date [of the decision]' . . . ." (alterations in original)), *overruled in part by Smith v. Berryhill*, 587 U.S. ---, ---, 139 S. Ct. 1765, 1773 (2019); *Jacqueline E. v. Saul*, No. 17-CV-414, 2020 WL 1234949, at *4 (W.D.N.Y. Mar. 13, 2020) ("A claimant is deemed to have received notice of the ALJ's decision five days after the date on the notice unless the claimant can establish that she did not receive it within the five-day period."); *Shari L. v. Saul*, No. 19-CV-851, 2020 WL 3971510, at *1 (N.D.N.Y. July 14, 2020) ("The agency considers a claimant to have received notice of the

---

[2] Plaintiff describes the challenges of his upbringing — that he was an immigrant raised in poverty by a single mother — but does not suggest that extenuating circumstances existed that could account for his late appeal to the Appeals Council. (Pl.'s Mot. 1.)

5

ALJ's decision five days after the date on the notice, unless the claimant can show that he or she did not receive it within the five-day period.").

To rebut that presumption, "[a] plaintiff must do more than merely assert that he did not receive the notice within five days . . . . Rather, a plaintiff must present some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." *Malavolta v. Comm'r of Soc. Sec.*, No. 08-CV-6528, 2009 WL 1097275, at *3 (S.D.N.Y. Apr. 23, 2009) (quoting *Guinyard v. Apfel*, No. 99-CV-4242, 2000 WL 297165, at *3 (S.D.N.Y. Mar. 22, 2000)), *report and recommendation adopted*, 2009 WL 1468601 (S.D.N.Y. May 22, 2009); *see also Liranzo v. Astrue*, No. 07-CV-5074, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010) (same), *aff'd sub nom. Liranzo*, 411 F. App'x at 390. "[U]nsupported affidavit evidence" that a Social Security claimant did not receive notice of a decision is insufficient because "[o]therwise, . . . a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice." *Marte v. Apfel*, No. 96-CV-9024, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) (quoting *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987)) (collecting cases).

"The presumption has been rebutted by evidence that the Appeals Council's notice 'was not even mailed' until more than five days after the date appearing on the decision had elapsed." *Malavolta*, 2009 WL 1097275, at *3 (quoting *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)). The presumption of receipt within five days has also been rebutted by "a confirmatory notation" that a railroad clerk delivered notice on a certain date, together with an affidavit from the railroad clerk. *Guinyard*, 2000 WL 297165, at *3 (quoting *Chiappa v. Califano*, 480 F. Supp. 856 (S.D.N.Y. 1979)).

The Appeals Council may dismiss an untimely appeal, 20 CFR §§ 404.971, 416.1471, or extend the time to appeal for good cause shown, 20 CFR §§ 404.968(b) (explaining how to

6

request Appeals Council review and stating that extensions are available and that "[i]f [a claimant] show[s] that [he] had good cause for missing the deadline, the time period will be extended"), 416.1468(b) (same). *See Smith*, 587 U.S. at ---, 139 S. Ct. at 1772 ("If a claimant misses the deadline and cannot show good cause, . . . the Appeals Council does not deny the request but rather dismisses it."); *Bridget Aubrey S. v. Comm'r of Soc. Sec.*, No. 19-CV-884, 2020 U.S. Dist. LEXIS 214570, at *9 (N.D.N.Y. Nov. 17, 2020) ("[A] plaintiff can request Appeals Council review of an [ALJ's] decision . . . within [sixty] days of receipt of the [ALJ's] decision unless good cause is found and the Appeals Council extends that period."). To determine whether good cause exists, the Appeals Council "use[s] the standards explained in [20 C.F.R.] § 404.911" and 20 CFR § 404.968(b), which includes consideration of "[w]hat circumstances kept [the plaintiff] from making the request on time" and "[w]hether [the Commissioner's] action misled [the plaintiff]." 20 C.F.R. § 404.911(a). District courts review the Appeals Council's decision to dismiss an appeal as untimely for abuse of discretion. *Smith*, 587 U.S. at ---, 139 S. Ct. at 1779 n.19; *Lee v. Comm'r of Soc. Sec.*, No. 19-CV-953, 2020 WL 6636403, at *3 (W.D.N.Y. Nov. 12, 2020) (same).

The Appeals Council did not abuse its discretion when it determined that Plaintiff's assertion through his attorney that he did not receive the ALJ's decision until he inquired, (Letter dated May 16, 2018), did not demonstrate good cause. *See Ortiz v. Berryhill*, No. 19-CV-171, 2020 WL 4754934, at *7 (S.D.N.Y. July 15, 2020) ("To rebut the presumption that the notice was received within five days of its purported mailing date, it is incumbent upon a plaintiff, 'even a *pro se* plaintiff,' to 'do more than assert' in his complaint 'that [he] did not receive the notice within five days.'" (alteration in original) (quoting *Hall v. Colvin*, No. 14-CV-7731, 2015 WL 13723896, at *4 (S.D.N.Y. Aug. 5, 2015), *report and recommendation adopted*, 2017 WL

7

4339664 (S.D.N.Y. Sept. 29, 2017))); *Halstead v. Comm'r of Soc. Sec.*, No. 17-CV-9713, 2019 WL 5579517, at *3 (S.D.N.Y. Oct. 30, 2019) (same); *Marte*, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) (citing *McCall*, 832 F.2d at 864, as an example of a plaintiff's failure to rebut the presumption based on "affidavits from [the plaintiff] and his attorney in which they disclaimed receipt within the five-day period"). *But see Sinatra v. Heckler*, 566 F. Supp. 1354, 1360 (E.D.N.Y. 1983) ("One court has held that where no copy of the notice was mailed to a claimant's attorney of record, there was no evidence in the record that a copy was mailed to the claimant, and claimant signed an affidavit of non-receipt, the presumption of receipt was rebutted." (citing *McKentry v. Sec'y of Health and Human Servs.*, 655 F.2d 721 (6th Cir. 1981))). In his appeal to the Appeals Council, Plaintiff argued as he does before the Court, that counsel did not receive the decision until he followed up more than sixty days later. (R. 4.) Based on these facts, the Appeals Council did not abuse its discretion in finding Plaintiff's appeal untimely because Plaintiff had not shown good cause for an extension. *See Jacqueline E.*, 2020 WL 1234949, at *4 (finding no abuse of discretion where "[the plaintiff] filed her request for review over 160 days after the date of the notice of the ALJ's decision . . . [,] was presented with an opportunity to provide good cause for her untimely filing and her attorney failed to do so").

    c.   **Plaintiff is not entitled to a hearing**

Plaintiff requests a hearing "because [he] disagree[s] with the . . . agency determination." (Pl.'s Mot.)

Where facts in the record, if credited, might excuse a late filing, courts have granted evidentiary hearings to determine timeliness. *See Torres v. Barnhart*, 417 F.3d 276, 280 (2d Cir. 2005) (holding that "a legally-ignorant, linguistically-challenged *pro se* claimant who . . . did everything possible to try to assert his claim in timely fashion and was only stymied from so

8

doing by being seriously misled by an attorney in whom he placed his trust" was entitled to "an evidentiary hearing into whether equitable tolling should be invoked" to deem his appeal from the Appeals Council to the district court timely); *Rodriguez v. Barnhart*, No. 01-CV-3411, 2002 WL 31875406, at *7 (S.D.N.Y. Dec. 24, 2002) ("Because of the uncertainties in the current record and the desirability of more fully developing the facts concerning [the] plaintiff's mental status and her attempts to file a timely complaint, we deem it prudent to conduct an evidentiary hearing to permit both parties to be heard on the controlling issues.").

While Plaintiff contends that he did not receive the ALJ's decision, there is no dispute that the address to which the decision was mailed was that of Plaintiff's counsel of record. Nor does Plaintiff dispute that he did not appeal the decision until May 16, 2018, more than sixty days after he was presumed to have received the ALJ's decision — in fact, approximately one month past that deadline. There is also no dispute as to Plaintiff's explanation for why his appeal was untimely. Thus, there is no basis for a hearing. *See Torres*, 417 F.3d at 280 (remanding for evidentiary hearing to resolve a factual dispute); *Lee*, 2020 WL 6636403, at *6 ("[T]he issue before the [c]ourt is whether the Appeals Council abused its discretion when it dismissed [the plaintiff's] appeal . . . based on its determination that [the plaintiff's] request for review was untimely filed. To determine whether the Appeals Council abused its discretion, the [c]ourt's review is limited to the record before the Appeals Council."). The Court therefore denies Plaintiff's request for a hearing.

### III. Conclusion

For the foregoing reasons, the Court grants the Commissioner's motion for judgment on the pleadings. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff and to close the case.

Dated: March 3, 2021
       Brooklyn, New York

                                    SO ORDERED:

                                    ____s/ MKB_____
                                    MARGO K. BRODIE
                                    United States District Judge